UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BECKY KARIUKI and DIXIE KARIUKI, | Case No. 2:14-CV-1118 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SHAC, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants SHAC, LLC; SHAC MT, LLC; Peter Feinstein; David M. Talla; Misty De Libertis; and John Lee's (collectively "defendants") motion to dismiss. (ECF No. 56). Plaintiffs Becky and Dixie Kariuki (collectively "plaintiffs") have not filed a response, and the period to do so has since passed.

Also before the court is defendants' motion *in limine*. (ECF No. 41).

On July 17, 2018, plaintiffs filed their third motion to extend stay to acquire counsel. (ECF No. 54). On July 18, 2018, defendants filed a response to plaintiffs' motion to extend stay, as well as a motion to dismiss for failure to prosecute and comply with court rules. (ECF Nos. 55, 56). On July 19, 2018, the court denied plaintiffs' request to extend stay. (ECF No. 59). August 1, 2018 was the filing deadline for plaintiffs' response to defendants' motion to dismiss. Plaintiffs did not file a response nor did they request to extend the filing deadline.

Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, plaintiffs have consented to the granting of SHAC, LLC's motion to dismiss. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

**James C. Mahan**
**U.S. District Judge**

Nevertheless, before dismissing an action for failure to comply with a local rule, the court considers several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

After weighing these factors and reviewing the underlying filings, the court finds dismissal appropriate and will grant defendants' motion to dismiss. Notwithstanding plaintiffs' consent by non-opposition, dismissal of plaintiffs' claims against defendants is also appropriate pursuant to Federal Rule of Civil Procedure 41(b) as plaintiffs have repeatedly requested extensions, failed to comply with court rules, and disregarded their obligations to pursue their claims.

Additionally, because the court will grant defendants' motion to dismiss, addressing defendants' motion *in limine* is unnecessary. Accordingly, the court will deny defendants' motion as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 56) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion *in limine* (ECF No. 41) be, and the same hereby is, DENIED as moot.

DATED August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**